UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────────────────

MICHAEL LENZ,

        Plaintiff,

    v.                                    Case No. 19-cv-1423-pp

KIRPAL BEASLA,

        Defendant.

─────────────────────────────────────────────────────────

**ORDER DENYING NOTICE AND DEMAND FOR ENTRY OF DEFAULT FOR FAILURE TO APPEAR (DKT. NO. 8)**

─────────────────────────────────────────────────────────

On July 29, 2019, the plaintiff filed suit in Waukesha County Circuit Court, alleging that the defendant (an employee of the Internal Revenue Service) violated his rights under the Fourth and Fifth Amendments to the Constitution. Dkt. No. 1-2. He filed an amended complaint on September 30, 2019. Dkt. No. 1-3. That same day, the defendant filed a notice of removal to this court under 28 U.S.C. §1446. Dkt. No. 1.

Along with the notice of removal, the defendant filed an expedited, non-dispositive motion under Civil Local Rule 7(h) (E.D. Wis.), asking the court to extend the deadline for responding to the complaint to November 12, 2019. Dkt. No. 3. The court granted that motion via text-only order on October 1, 2019. Dkt. No. 5.

The plaintiff has objected to the court's order granting the defendant an extension of time. Dkt. No. 7. He also has filed a notice and demand for entry of default for failure to appear, addressed to Stephen C. Dries, the Clerk of Court

1

for the Eastern District of Wisconsin. Dkt. No. 8. He demands that Clerk Dries enter default against the defendant under Federal Rule of Civil Procedure 55(a), arguing that the defendant did not appear or respond to the complaint "before the expiration of time as limited by Fed. R. Civ. P. Rule 81(c)." Id. at 1. The plaintiff argues that because this court's order extending the defendant's deadline to answer was "void *ab initio*," the defendant was required to respond to the complaint by October 10, 2019. Id. at 2-3. The plaintiff asserts that because the defendant did not answer by that date, he is entitled to entry of default. The court will deny the plaintiff's demand for entry of default.

The defendant, a settlement officer with the United States Internal Revenue Service, is an officer/employee of the federal government.[1] Dkt. No. 1 at 1. The amended complaint does not indicate whether the plaintiff sued the defendant in her official or individual capacity. Dkt. No. 1-3.

Federal Rule of Civil Procedure 4(i)(2) requires that when a plaintiff sues an officer or an employee of the United States in her official capacity, the plaintiff must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer, or employee." To serve the United States, Rule 4(i)(1) requires the plaintiff to (a) either deliver the summons and complaint to the United States Attorney in the district where the lawsuit is brought, or send a copy by registered or certified

---

[1] The plaintiff asserts that there is no certification in the record that the defendant was acting as an employee of the government at the time of the facts he related in his complaint. Dkt. No. 8 at ¶18. The plaintiff's own allegations, however, are based on actions he claims the defendant took in her job with the IRS.

mail to the civil process clerk at the U.S. Attorney's Office; and (b) send a copy by registered or certified mail to the Attorney General of the United States.

Rule 4(i)(3) requires that a plaintiff who sues an officer or employee of the United States in her individual capacity for acts or omissions that occurred during that employee's performance of duties on behalf of the United States, must serve the United States and the individual employee (by registered or certified mail).

In a case removed to federal court from state court, "[a] defendant who did not answer before removal" must answer or otherwise respond "within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." Fed. R. Civ. P. 81(c)(2).

Rule 12(a) allows an employee sued in her official capacity to answer or otherwise respond within 60 days "after service on the United States Attorney." Fed. R. Civ. P. 12(a)(2). It allows an officer or employee served in her individual capacity to answer or otherwise respond "within 60 days after service on the officer or employee or service on the United States Attorney, whichever is later." Fed. R. Civ. P. 12(a)(3).

The plaintiff filed a civil proof of service form (which he appears to have filed in Waukesha County Circuit Court), indicating that someone named Albert Moles personally served the summons and complaint and other

3

documents on the defendant on September 13, 2019. Dkt. No. 7-1 at 7-9. Counsel for the defendant acknowledges that "it appears that plaintiff personally served the individually-named defendant on September 13, 2019." Dkt. No. 3 at 2. Seventeen days later—before any of the periods specified in Rule 81(c) had expired—the defendant filed a motion under Fed. R. Civ. P. 6(b), asking the court to extend the deadline for answering or otherwise responding to the complaint. Dkt. No. 3.

The defendant filed the motion under Civil L.R. 7(h), which allows a party to seek non-dispositive relief on an expedited basis by filing a motion of three pages or less and designating it a Rule 7(h) motion. Rule 7(h)(2) requires someone responding to such a motion to file an opposition memo within seven days of service of the motion, "unless otherwise ordered by the Court." Civil L.R. (7)(h)(2). As indicated above, the court granted the defendant's motion via text-only order on October 1, 2019. The plaintiff argues that "no ruling" on the defendant's motion to extend time "could have been made until after the expiration of 7 days after service + 3 days for service by mail of said motion or October 10, 2019 . . . ." Dkt. No. 8 at ¶17. This argument misunderstands both the nature of local rules and Rule 7(h). General L.R. 1 states that while "[c]ompliance with the rules is expected," "the rules are intended to be enforced primarily upon the Court's own initiative, and the filing of motions alleging noncompliance with a rule may be reserved for egregious cases." And, as the court quoted above, Rule 7(h)(2) itself says that a respondent must file an opposition memo in seven days "unless otherwise ordered by the Court." This

court did not require the plaintiff to respond to the defendant's motion for an extension of time, because there was no need for a response.

Federal Rule of Civil Procedure 6(b)(1)(a) allows a court to extend a deadline for good cause shown if the request for the extension is made before the original time has expired. The defendant asked for the extension before any of the deadlines in Rule 81(c) had expired. The defendant showed good cause, asserting that the defendant had not served the U.S. Attorney, the Attorney General and the IRS as required by Rule 4 and that the defendant needed time to prepare a response to the complaint, which the defendant characterized as "lengthy." Dkt. No. 3 at 2. The court agrees with that characterization; the original complaint and exhibits totaled 130 pages, dkt. no. 1-2, and the amended complaint and exhibit thirty-four pages, dkt. no. 1-3. The length of the complaint, and the apparent failure to serve all required parties, constituted good cause to grant the extension the defendant requested.

In addition, Rule 12(a) allows a government officer or employee sixty days from the date of service on the United States Attorney to answer or otherwise respond. Arguably, because there is no proof that the plaintiff had served the U.S. Attorney as of the date the defendant asked for an extension of time, the court could have extended the time under Rule 12(a). It is not a violation of a plaintiff's constitutional rights for a court to grant a defendant's motion for an extension of time under Rule 12(a). See Patterson v. Wendel, 983 F.2d 1073, at *3 (7th Cir. 1992).

The court has ruled that the defendant has until November 12, 2019 to answer or otherwise respond to the plaintiff's complaint. Given that, there is no basis for the clerk to enter default. Rule 55(a) provides that when a party against whom relief is sought has failed to plea or otherwise defend, "and that failure is shown by affidavit or otherwise," the clerk must enter default. The plaintiff did not file an affidavit, but he has filed the instant notice and demand for entry of default for failure to appear. Dkt. No. 8. In this document, he demands that the clerk of court enter default, because by his calculations "October 10, 2019—20 days plus 3 days for service made by mail—was the date ending the time for service of a responsive pleading in the said Wisconsin Circuit Court from service of the Amended Declaration." Id. at ¶7. The removal of the case from Waukesha County Circuit Court to federal court, however, "divest[ed] the state court of jurisdiction, *Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992), trigger[ed] the Federal Rules of Civil Procedure, *Schoenberger v. Oselka*, 909 F.2d 1086, 1088 (7th Cir. 1990), and introduc[ed] new—and possibly lengthier—timetables." Patterson, 983 F.2d at *3. Now that the case is in federal court, the deadline for responding to the complaint in *state* court no longer applies. The applicable deadline is the one this court has set—November 12, 2019. Because that deadline has not yet expired, there is no default for the clerk to enter.

The court will deny the plaintiff's demand for entry of default. It notes that the plaintiff has filed other documents. The court will take no action on those pleadings until the defendant has answered or otherwise responded.

Once the defendant has answered or responded, the only appropriate way for the plaintiff to seek action is to file a motion addressed to the court—to Judge Pepper, not the Clerk of Court—by mailing it or hand-delivering it to the clerk's office for filing on the docket.

The court **DENIES** the plaintiff's demand for entry of default for failure to appear. Dkt. No. 8.

Dated in Milwaukee, Wisconsin this 29th day of October, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**