UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL LENZ,

    Plaintiff,

 v.

             Case No. 19-cv-1423-pp

KIRPAL BEASLA,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER SERVICE (DKT. NO. 17)**

---

On July 29, 2019, the plaintiff (representing himself) filed suit in Waukesha County Circuit Court against defendant Kirpal Beasla, an employee of the Internal Revenue Service (IRS). Dkt. No. 1-2. The plaintiff alleged that the defendant violated his rights under the Constitution by levying his wife's state tax refund to pay her outstanding federal taxes. Dkt. No. 1-2 at 5-16. Two months later, the plaintiff filed an amended complaint; Kirpal Beasla was the only defendant named. Dkt. No. 1-3. That same day, the United States intervened as defendant and filed a notice of removal to this court under 28 U.S.C. §1446. Dkt. No. 1. Since then, the plaintiff has filed objections, motions and letters directed to the defendant, this court and the clerk of court. See, e.g., Dkt. Nos. 7, 8, 12, 13, 15.

The defendant filed a motion to dismiss the complaint Federal Rules of Civil Procedure 12(b)(2) (lack of personal jurisdiction), 12(b)(5) (insufficient

1

service of process) and 12(b)(6) (failure to state a claim for which a federal court may grant relief). Dkt. No. 17. The court will grant the motion based on lack of personal jurisdiction and improper service. Because the court does not have personal jurisdiction over the defendant, it cannot rule on the defendant's argument that under Fed. R. Civ. P. 12(b)(6), the complaint fails to state a claim for which a federal court can grant relief.[1]

I.  **Factual Background**

The information below comes from the amended complaint and attachments to the original complaint. The plaintiff filed the CP92 Notice and other documents referenced in this order as part of the original complaint, not the amended one, but because the documents are part of the record, the court may take judicial notice of them. Menominee Indian Tribe of Wis. v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998); see also 188 LLC v. Trinity Indus., Inc., 300 F.3d 730, 735 (7th Cir. 2002).

The amended complaint is seventeen pages long, dkt. no. 1-3 at 1-17; there is another, fifteen-page document attached to it, signed by the plaintiff and his wife and dated August 12, 2019, dkt. no. 1-3 at 18-32. The amended complaint alleges that the plaintiff asked for a face-to-face administrative hearing in Milwaukee "regarding the return of their property" which, the plaintiff asserts, was seized by the Internal Revenue Service. Id. at 2, ¶5. It

---

[1] The court notes that this is not the plaintiff's first lawsuit relating to tax obligations. In Lenz v. Brellenthin, Case No. 14-cv-481, Dkt. No. 21 (E.D. Wis.), Judge J.P. Stadtmueller dismissed a 2014 lawsuit the defendant had filed against a revenue officer for failure to state a claim.

states that the defendant is "a woman and . . . an employee working for the Internal Revenue Service acting in a diminished capacity as an Appeals Settlement Officer . . . ." Id. at 5, ¶19. The plaintiff asserts that the defendant's "required conduct" was to provide a hearing upon written request, on "the issues of the existence of the underlying tax liability." Id. at 6, ¶23. The plaintiff also asserts that the defendant had a "duty to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." Id. at 6, ¶26.

The amended complaint alleges that the defendant "engaged in conduct to deny Claimant due process of law in the seizure and deprivation of private property by agents of the federal government in violation of the 4th and 5th Amendments to the Constitution for the United States of America." Id. at 9, ¶38. The plaintiff says he sent the defendant a notice of injury and demand for redress, giving her twenty-one days to rebut "any fact, declaration, or decreed law of the case." Id. at 9, ¶¶39-40. He asserts that the defendant did not dispute his facts or assert a defense. Id. at 9, ¶¶41-42.

The amended complaint asserts that "in response to" the defendant's May 21, 2019 letter asking the plaintiff to "provide a legitimate reason for the collection due process hearing," he sent a notice of injury and demand for redress. Id. at 11, ¶50. The plaintiff asserts that in a letter dated June 20, 2019, the defendant "falsified the record in stating that Claimant did not respond with a legitimate reason for the collection due process hearing." Id. at 11, ¶51. The plaintiff says that in the June 20, 2019 letter, the defendant

disregarded "the Request" and returned the case to the IRS collection office "such that they may proceed with the collection action as if the hearing request was never submitted." Id. at 11, ¶52. The plaintiff also claims that on July 14, 2019, he offered the defendant an opportunity to propose a settlement offer, giving her a deadline of July 19, 2019 by which to do so, and that the defendant did not propose a settlement offer. Id. at 10, ¶¶45-46.

Despite its length, the amended complaint does not describe the events that give rise to the lawsuit, so the court reviewed the documents the plaintiff filed along with the original complaint. One of those documents is a July 9, 2018, CP92 Notice addressed to the plaintiff's spouse, Diana Lenz, notifying her that the IRS had levied $543.00 of her state tax refund and applied it to her unpaid taxes. Dkt. No. 1-2 at 60. The notice indicated that Ms. Lenz still owed $3,657.31 and advised her that she had a right to appeal the levy. Id. It stated that if she wanted to appeal, Ms. Lenz had to request a Collection Due Process hearing by August 8, 2018. Id.

On August 8, 2018, the plaintiff and his wife signed a document titled, "In Lieu of Form 12153," denying tax liability and demanding a face-to-face hearing "before an Appeals Officer at the office in Milwaukee, Wisconsin or another Appeal Office closer to" their address "if available." Id. at 53-59. The same day, the plaintiff and his wife signed "Declarations of Status and Standing." Id. at 65–88. Included in the documents attached to the complaint is a certified mail receipt dated August 8, 2018, indicating that a large envelope was sent to the Internal Revenue Service, P.O. Box 219236 in Kansas City,

4

Missouri. Id. at 52. A tracking receipt shows a delivery in Kansas City on August 12, 2018. Id. at 50-51.

Almost a year later, on May 21, 2019, the defendant—an IRS Appeals Settlement Officer—sent a letter to Ms. Lenz. Id. at 48. The letter acknowledged receipt of Ms. Lenz's request for a Collection Due Process hearing "in our Fresno Appeals office on April 18, 2019." Id. The letter advised Ms. Lenz that the appeals office "disregard[ed]" any hearing request "that raises issues that are frivolous or advance a desire to delay tax administration." Id. It stated that Ms. Lenz's request for a hearing had raised issues that were frivolous, that reflected a desire to delay or impede tax administration or that constituted a "moral, religious, political, constitutional, conscientious, or similar objection" to the imposition or payment of taxes that reflected a desire to delay or impede administration of the tax law. Id. It advised Ms. Lenz that if she wanted the appeals office to consider her request, she had thirty days to amend her request to state non-frivolous issues or to withdraw her request in writing. It stated that if Ms. Lenz did not amend or withdraw her request, the appeals office would disregard it and return the case to collection. Id.

Three days later, on May 24, 2019, the plaintiff and Ms. Lenz signed a fourteen-page document titled, "Notice of Wrongdoing and Demand for Redress." Id. at 33–47. The demand asserted that the defendant (1) intentionally trespassed "on the case" by concluding the merits of an administrative proceeding without establishing jurisdiction; (2) trespassed on the case by intentionally and wrongfully denying Ms. Lenz the right to be heard

5

before the office of appeals; (3) falsified the record by claiming that the plaintiff and Ms. Lenz failed to meaningfully respond to the CP92 Notice; (4) "fail[ed] to carry the burden of proof as to the issue of liability for a Civil Penalty;" (5) failed to use her power over IRS employees to prevent "fraudulent abrogation of property rights protections" and "join[ed] in the conspiracy by neglecting or refusing to prevent the wrong conspired to be done;" and (6) breached her official duties and perjured herself in doing all of the above. Id. at 37-47. (The plaintiff made similar allegations in the amended complaint. See Dkt. No. 1-3 at 13–16.) Among the documents attached to the complaint is a certified mail receipt dated May 24, 2019, showing that a large envelope was mailed to the defendant at a P.O. Box in Fresno, California. Id. at 32. A tracking receipt shows a delivery in Fresno on May 30, 2019. Id. at 30-31.

Attached to the amended complaint is a letter from the defendant to Ms. Lenz dated June 20, 2019. Dkt. No. 1-3 at 33-34. The letter indicated that Ms. Lenz had neither responded with a legitimate reason for asking for a hearing or withdrawn her request for a hearing; it stated that the defendant was going to disregard the request for a hearing and return the request to the IRS Collection office. Id. at 33.

The plaintiff filed this lawsuit in state court on July 29, 2019. Dkt. No. 1-2 at 4.

## II. The Court Lacks Personal Jurisdiction Over the Defendant Because the Plaintiff Did Not Properly Serve the Defendant.

"A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service

6

requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and complaint." United States v. Ligas, 549 F.3d 497, 500 (7th Cir. 2008) (citations omitted).

Rule 4 of the Federal Rules of Civil Procedure governs service of process. It requires that the plaintiff deliver to the defendant "a summons . . . served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). The summons must "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B). The plaintiff is responsible for serving the defendant within ninety days after the complaint is filed. Id. at 4(c), (m). If a plaintiff fails to serve the defendant within that period, the court "must dismiss the action against the defendant or order that service be made within a specified time." Id. at 4(m).

To serve a United States employee "only in her official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . employee." Id. at 4(i)(2). This rule also applies when suing the employee "in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf." Id. at 4(i)(3). If the plaintiff complains about the actions of a government employee taken in her official capacity, the proper defendant is the United States. See Sanville v. McCaughtry, 266 F.3d 724, 732 (7th Cir. 2001) ("Official capacity suits are actions against the government entity of which the official is a part.").

The plaintiff sued the defendant, an Appeals Settlement Officer at the

7

IRS, in her individual capacity for conduct performed in her capacity as an IRS employee. Dkt. No. 1-3 at ¶19. Both the original complaint and the amended complaint named only the defendant—neither named the United States or the Internal Revenue Service as defendants. Id., Dkt. No. 1-2 at ¶19. Each of the six causes of action involve the defendant's actions or omissions pertaining to the defendant's handling of the plaintiff's wife's request for a hearing. See Dkt. No. 1-3 at 23-31.

In the first and second causes of action, the plaintiff complains that the defendant did not give him (or his wife) a post-levy collection due process hearing. Dkt. No. 1-3 at 23–25. The defendant told Ms. Lenz in her letters of May and June 2019 that she was disregarding Ms. Lenz's hearing request because the request asserted arguments which the IRS had identified as "frivolous." Dkt. No. 1-2 at 48–49. The defendant's decision to deny a hearing in such circumstances is authorized by statute. See 26 U.S.C. §6330(g) (giving the Secretary the discretion to treat "frivolous" arguments as if they were never submitted and deny such arguments without any further administrative or judicial review). Because the defendant's refusal to consider Ms. Lenz's arguments was within her official capacity, the appropriate defendant was the government, not defendant Beasla.

The third cause of action alleges that the defendant "falsified the record by asserting a purported lack of response to her letter dated May 21, 2019." Dkt. No. 1-3 at 26. The defendant's May 21, 2019 letter gave Ms. Lenz an opportunity to amend her hearing request by removing "frivolous positions."

8

Dkt. No. 1-2 at 48. Ms. Lenz and the plaintiff appear to have responded to this letter with their "Declaration of Status and Standing." Dkt. No. 1-3 at 26, 1-2 at 65-88. These documents were replete with the same types of arguments Ms. Lenz had made in her request for a hearing—assertions that she was not a citizen of the United States, was not subject to the jurisdiction of Congress, that she had not engaged in any activities that subjected her to tax liability, that she had not received notice from the Secretary of the Treasury that she was a "person" subject to tax liability. Dkt. No. 1-2 at 65-76. In her June 20, 2019 letter, the defendant did not state that Ms. Lenz had not responded—she stated that Ms. Lenz did not "respond with a legitimate reason or withdraw the frivolous reason" within the specified time frame. Dkt. No. 1-3 at 33. Citing 26 U.S.C. §6330(g), she exercised the discretion afforded her by that statute, in her capacity as an appeals settlement officer with the IRS, to disregard the hearing request. Id. Again, the proper defendant for this claim is the United States.

The fourth cause of action claims that the defendant "failed to carry the burden of proof as to the issue of liability for a Civil Penalty." Dkt. No. 1-3 at 28. It states that "in any proceeding involving the issues of whether or not any person is liable for a penalty . . . the burden of proof with respect to such issue shall be on the Secretary." Id. The defendant is not the "Secretary," and is not the proper defendant for this allegation.

The fifth cause of action asserts that the defendant had the power and failed "to prevent employees of the IRS from fraudulent abrogation of property

9

rights protections." Dkt. No. 1-3 at 29. This claim directly involves the defendant's employment with the IRS; again, the United States is the appropriate defendant.

The sixth cause of action avers that the defendant "breach[ed a] duty to and perjury of [the defendant's] executed oath of office" for each of the other causes. Dkt. No. 1-3 at 31. Like the others, this claim directly involves the defendant's employment with the IRS, specifically in her official capacity. The United States is the appropriate defendant.

Because the United States is the appropriate defendant for all the claims alleged in the amended complaint, Rule 4(m) requires the plaintiff to have served the United States within ninety days. In its October 29, 2019 order denying the plaintiff's request for default, the court explained that a plaintiff suing an employee of the United States in her official capacity was required to serve the United States.[2] Dkt. No. 14 at 2-3. Although the defendant has acknowledged that the "plaintiff personally served the individually-named defendant on September 13, 2019," dkt. no. 3 at ¶5, there is no evidence in the record that the plaintiff has complied with Rule 4(i) and served the United States.

The plaintiff has stated that he does not recognize the IRS as a defendant. Dkt. No. 18 at 16-17 ("[t]he factual allegations . . . preclude consideration of this action in any way as against the United States"). That is

---

[2] Indeed, Judge Stadmueller told the plaintiff this in his order of dismissal in the 2014 case. Lenz v. Brellenthin, Case No. 14-cv-481 at Dkt. No. 21, pp. 8-9 (E.D. Wis.).

his prerogative. But if he wants to utilize the courts to pursue his claims, the plaintiff must follow the court's rules of service, whether he agrees with them or not. "'Although civil litigants who represent themselves ("pro se") benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines.'" Williams v. Leslie, No. 14-cv-452, 2017 WL 570789, at *2 (E.D. Wis. Feb. 13, 2017) (quoting Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996); Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994)).

Because the plaintiff filed his complaint in court on July 29, 2019, the ninety-day period for effecting service expired on October 27, 2019. Fed. R. Civ. P. 4(m). The plaintiff did not properly serve the defendant in accordance with Rule 4(i) by that date, which warrants dismissal for insufficient service of process under Fed. R. Civ. P. 12(b)(5). Because the plaintiff did not properly serve the defendant, the court does not have personal jurisdiction over her, which warrants dismissal under Fed. R. Civ. P. 12(b)(2).

### III. Conclusion

The court **GRANTS** the United States' Rule 12(b) Motion to Dismiss Complaint. Dkt. No. 17.

The court **ORDERS** that this case is **DISMISSED** and will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by

11

filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 25th day of September, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**