UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MICHAEL LENZ,

        Plaintiff,

v.                                                      Case No. 19-cv-1423-pp

KIRPAL BEASLA,

        Defendant.

_____

**ORDER CONSTRUING PLAINTIFF'S OBJECTION AS MOTION FOR RECONSIDERATION AND DENYING MOTION (DKT. NO. 25)**

_____

After this court dismissed the plaintiff's case, the plaintiff filed a pleading titled "Objection and Exception to Void Order and Void Judgment Notice of Treason Notice of Fraud Upon the Court Demand for Performance." Dkt. No. 25. The pleading is seventy-six pages long. It makes a variety of allegations, including that case was unlawfully removed from state to federal court, that opposing counsel committed fraud by aiding and abetting the Deep State and that the undersigned committed fraud on the court by usurping unwarranted judicial power and the Clerk of Court committed fraud on the court by refusing to enter default. For relief, the plaintiff demands that within twenty-one days of the clerk's receipt of the objection, the undersigned

> press upon the record her certification made under penalty of perjury that she performed her duty as bound by said Oath and discharged said duty faithfully and impartially in accordance with the cannons prescribed in the Code of Conduct for United States Judges upon the facts and application of the common and statutory

1

> law and procedural rules of the case according to the Rule of Law in the proceedings as herein NOTICED and on the record.

Id. at 74. In the alternative, he demands that within twenty-one days of the clerk's receipt of the objection, the undersigned

> issue and press upon the record a Writ of Error *QUAE CORAM NOBIS RESIDANT*—on egregious errors of fact either **passed** upon or not put in issue—material to the jurisdiction and competency of this inferior court to conduct the proceedings and material to judgment—vacating the Order and Judgment of Dismissal as **void ab initio** and pressing upon the record a declaration that the jurisdiction of the constitutional court of record within the exterior land boundaries of territory of Wisconsin from whence this case was purportedly removed was **uninterrupted** by any attachment whatever of the original federal jurisdiction of this inferior court upon the filing of the Notice of Removal.

Id. at 74-75.

Although the plaintiff captioned this pleading an "objection," his alternate request that the court vacate its order dismissing his case sounds like a motion to reconsider. A party may ask a court to reconsider a final order or judgment either through a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(e). A party also may appeal a final order or judgment to the federal appellate court, the Seventh Circuit Court of Appeals.

Because the plaintiff filed the pleading with this court, and did not designate it a notice of appeal, the court will construe the pleading as a motion for reconsideration.

2

## I. Background

As the court recounted in its order of dismissal, the plaintiff's claims arise out of a request the plaintiff and his wife made for a face-to-face administrative hearing with officials of the IRS to discuss property they claim the IRS had seized. Dkt. No. 23 at 2. The IRS—specifically, through defendant Beasla, an appeals settlement officer—denied them that hearing. Id. at 3. The plaintiff and his wife responded by asking for redress, but the IRS—again, through Beasla—denied that request. Id. Despite additional offers by the plaintiff, the IRS sent the case to collections. Id. at 4.

On July 29, 2019, the plaintiff—representing himself—filed suit against Beasla in Waukesha County Circuit Court. Dkt. No. 1-2. The plaintiff alleged that the defendant violated his rights under the Constitution by levying the plaintiff's wife's state tax refund to pay her outstanding federal taxes. Dkt. No. 1-2 at 5-16. The plaintiff argued that the defendant's failure to provide him and his wife with the administrative hearing they'd requested violated his constitutional rights. Id. at 9, ¶38.

On September 25, 2020, the court dismissed the case under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction because the plaintiff had failed to properly serve the defendant. Dkt. No. 23. The court found that the plaintiff was suing the defendant in her official capacity as a government employee. Id. at 8-10. Because the defendant was an employee of an agency of the United States, Fed. R. Civ. P. 4(i)(2) required that the plaintiff serve the United States and send a copy of the summons and complaint to

Beasla by registered or certified mail. It found that the United States was the proper defendant. Id. at 7 (citing Sanville v. McCaughtry, 266 F.3d 724, 723 (7th Cir. 2001)). Rule 4 required the plaintiff to serve the United States within ninety days of filing his claim. Id. at 10 (citing Fed. R. Civ. P. 4(m)). Although the plaintiff had timely served Beasla, he had failed to serve the United States within ninety days. Id. at 11. For that reason, the court concluded that it did not have jurisdiction and dismissed under Fed. R. Civ. P. 12(b)(2). Id. at 12.

## II. Analysis

Motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, but courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to such motions. Washington Frontier League Baseball, LLC v. Zimmerman, No. 14-cv-1862-TWP-DML, 2016 WL 4798988, at *1 (S.D. Ind. Sept. 14, 2016).

### A. Motion to Alter or Amend Judgment Under Rule 59(e)

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A manifest error is not demonstrated by the disappointment of the losing party, but rather is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Reconsideration is not an appropriate forum for rehashing previously rejected

4

arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)). Rule (59)(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment."

The plaintiff filed this motion on February 29, 2021, one hundred and forty-seven days after the court's September 25, 2020 judgment. To the extent that the plaintiff is asking the court to alter or amend its judgment under Fed. R. Civ. P. 59(e), that request is untimely.

    B.    Motion for Relief from Judgment Under Rule 60(b)

The Seventh Circuit has explained that parties seeking relief under Rule 60(b) face a high bar:

> Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely erroneous applications of law." *Eskridge* [*v. Cook County*], 577 F.3d [806,] at 809 [(7th Cir. 2009)] (affirming denial of Rule 60(b) motion), quoting *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (quotation marks omitted). The district court may grant Rule 60(b) relief only "under the particular circumstances listed in the text of the rule." See Russell, 51 F.3d at 749. Rule 60(b) motions are not meant to correct legal errors made by the district court. See *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017-18 (7th Cir. 2002).

3SM Realty & Development, Inc. v. F.D.I.C., 393 F. Appx. 381, 384 (7th Cir. 2010). Rule 60(b) allows a court to grant relief from judgment for six reasons:

(1)    mistake, inadvertence, surprise, or excusable neglect;
(2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

5

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Of these options, only Rule 60(b)(3)—fraud—or 60(b)(6)—any other reason that justifies relief—seem applicable. The plaintiff alleges that the attorneys for the defendants committed fraud. Dkt. No. 25 at 63-69. He also alleges that the court committed fraud by usurping judicial authority he argues it did not have and taking actions under that authority that it was not authorized to take. Id. at 69-74.[1] Finally, the plaintiff maintains that the United States was not a proper party to the lawsuit and did not have standing to file a motion to dismiss the case. Id. at 64.

Rule 60(b)(3) is for those parties who have a valid claim but are prevented from asserting it due to fraud committed by an opposing party. The defendant has not fraudulently prevented the plaintiff from asserting a valid claim. The plaintiff asserted his claim, but—as the defendant correctly pointed out—made a procedural error by failing to timely effect proper service as required by the Federal Rules of Civil Procedure.

As for Rule 60(b)(6), the plaintiff has not identified any reason justifying the court's reconsideration of its ruling. The court understands that the plaintiff did not sue the United States—he sued Kirpal Beasla. The court

---

[1] Both these claims include allegations that the court and the attorneys for the defendants "aided and abetted the DEEP STATE in the commission of intentional fraud." See, e.g., Dkt. No. 25 at 64.

6

understands that from the plaintiff's point of view, there is no reason for the United States to be served with a lawsuit against Kirpal Beasla and there is no basis for the United States to have filed the motion to dismiss. The plaintiff has a right to disagree with the requirement in the rules that when someone sues an employee of an agency of the United States, one must effect service on the United States. The plaintiff also has a right to disagree that the United States had the authority to file a motion to dismiss a case brought against Beasla for doing her job as an employee of the United States. The court must follow the rules and the law, even if the plaintiff does not agree with the rules or the law. Disagreement with the applicable rules and governing law is not a basis for the court to grant relief from judgment under Rule 60(b)(6).

### III. Conclusion

The court **CONSTRUES** the plaintiff's objection as a motion for reconsideration under Rule 59(e) or 60(b) and **DENIES** the motion. Dkt. No. 25.

Dated in Milwaukee, Wisconsin this 17th day of May, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**